IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CAROLINE ORTIZ,** | : | **Civil No. 1:08-CV-1436** |
| **Plaintiff,** | : | |
| | : | |
| | : | **JUDGE SYLVIA H. RAMBO** |
| **v.** | : | |
| | : | |
| **OFFICER ADAM SAUL, in his** | : | |
| **individual capacity, and CHIEF** | : | |
| **WILLIAM HARVEY, in his** | : | |
| **individual capacity as the Lebanon** | : | |
| **City Police Department Chief of** | : | |
| **Police,** | : | |
| | : | |
| **Defendants.** | : | |

### M E M O R A N D U M

Plaintiff's complaint arises out of an incident involving Lebanon City

Police Department officers following a "midget's football game" at Lebanon Middle

School.  She has brought suit pursuant to 42 U.S.C. § 1983, alleging violations of her

Fourth and Fourteenth Amendment rights under the United States Constitution, as

well as several state law tort claims.  Defendants have moved to dismiss Plaintiff's

complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for

failure to state a claim upon which relief can be granted.  For the reasons set forth

below, Defendants' motion will be denied.


**I.** **Background**

**A.** **Facts**[1]

On Saturday October 14, 2006, Plaintiff, a United States citizen of

Puerto Rican descent, attended a midget football game at the Lebanon Middle School

---

[1]  The court accepts the facts alleged in Plaintiff's complaint as true for the purpose of
Defendants' motion to dismiss.

stadium to watch her eight-year old son play.  (Doc. 1 ¶¶ 5,  9, 13.)  During the game, Plaintiff sat with her husband and her two-year old daughter in the spectator stands.  (*Id.* ¶ 12.)  At the end of the game, Plaintiff gathered the family's belongings and began walking out of the stadium with her two children toward the family car.  (*Id.* ¶ 16.)  As Plaintiff exited the stadium, she walked past Defendant Saul, an officer of the Lebanon City Police Department, who asked her "Ma'am, where is your boyfriend Wilson?"  (*Id.* ¶ 18.)  After Plaintiff responded, Defendant Saul further inquired regarding the whereabouts of Plaintiff's husband.  (*Id.* ¶¶ 20–21.)  Plaintiff responded that she did not know and began to walk away.  (*Id.* ¶ 21.)  As she walked away, Defendant Saul grabbed her and pulled her by her shoulder and told her that she could not leave until she spoke to him.  (*Id.* ¶ 22.)

At this point, Plaintiff informed Defendant Saul that she had done nothing wrong, but Defendant Saul stated that "Wilson" had committed a felony and accused her of refusing to talk because she was involved in that felony.  (*Id.* ¶¶ 22–23.)  Defendant Saul did not allow her to leave and asked her for her name and address.  (*Id.* ¶ 25.)  She complied with this request, and Defendant Saul threatened her that "she would be in trouble if he discovered that she knew Wilson or knew where he was."  (*Id.* ¶¶ 25–26.)  About this time Plaintiff's husband Mr. Orta approached and began speaking to Plaintiff in Spanish.  (*Id.* ¶ 27.)  Defendant Saul told Mr. Orta that he was speaking with Plaintiff.  (*Id.* ¶ 27.)  Mr. Orta explained that Plaintiff was his wife.  (*Id.* ¶ 27.)  In response, Defendant Saul became "more aggressive," pushed Mr. Orta in the chest, and pulled out his pepper spray, which he held up to Mr. Orta's face while threatening to use the spray on him.  (*Id.* ¶ 28.)  Defendant Saul, then, grabbed Plaintiff by the wrist and placed her under arrest.  (*Id.*

¶ 29.)  She began pleading, "Please don't do this, and please not in front of my children."  (*Id.* ¶ 30.)  Defendant Saul said he "didn't give a shit about the kids" and handcuffed Plaintiff.  (*Id.* ¶¶ 31–32.)  She began crying, and Defendant Saul repeated that he "didn't give a shit about the kids" as he moved her to an area in plain view of other spectators who had come to watch the midget football game.  (*Id.* ¶¶ 35–36.)

As spectators looked on at the scene, Officer Henderson arrived, approached Plaintiff, and removed her handcuffs, yet Defendant Saul continued to yell at Plaintiff that "if she didn't talk she was going to jail."  (*Id.* ¶¶ 38–40.)  Officer Henderson, after removing the handcuffs from Plaintiff, allowed her to leave.  (*Id.* ¶ 41.)  The following day Plaintiff attended another of her son's games and overheard many other parents talking about her during the game.  (*Id.* ¶ 42.)  One parent told Plaintiff that she had seen Plaintiff in handcuffs the night before.  (*Id.*)

### B.    Procedural History

Following these events, Plaintiff filed a complaint on August 1, 2008, alleging violations of her Fourth and Fourteenth Amendment rights as well as several state law tort claims.  (Doc. 1.)  On October 24, 2008, Defendants filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted.  (Doc. 5.)  Defendants filed a brief in support of the motion on October 30, 2008.  (Doc. 9.)  Plaintiff filed a brief in opposition on November 11, 2008.  (Doc. 11.)  Defendants opted not to file a reply brief.  Accordingly, the motion is ripe for disposition.

**II.          Legal Standard**

Among other requirements, a sound complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  This statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  *Bell Atlantic Corp. v. Twombly*, — U.S. —, 127 S. Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  "Fair notice" in Rule 8(a)(2) "depends on the type of case—some complaints will require at least some factual allegations to make out a showing that the pleader is entitled to relief."  *Phillips v. County of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008) (quotation omitted).  "[A] situation may arise where, at some point, the factual detail in a complaint is so undeveloped that it does not provide a defendant the type of notice of claim which is contemplated by Rule 8." *Id.*  A plaintiff must provide "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action" to show entitlement to relief. *Twombly*, 127 S. Ct. at 1965; *accord Phillips*, 515 F.3d at 238–39; *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007) (The court is not "compelled to accept unsupported conclusions and unwarranted inferences or a legal conclusion couched as a factual allegation.") (quotations and citations omitted); *Evancho v. Fisher*, 423 F.3d 347, 351 (3d Cir. 2005).

A defendant may attack a complaint by a motion under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.  In deciding a motion to dismiss under Rule 12(b)(6), the court is required to accept as true all of the factual allegations in the complaint, *Erickson v. Pardus*, — U.S. —, 127 S. Ct. 2197, 2200 (2007), and all reasonable inferences permitted by the factual allegations, *Watson v.*

*Abington Twp.*, 478 F.3d 144, 150 (3d Cir. 2007), viewing them in the light most favorable to the plaintiff, *Kanter v. Barella*, 489 F.3d 170, 177 (3d Cir. 2007).  If the facts alleged are sufficient to "raise a right to relief above the speculative level" such that the plaintiff's claim is "plausible on its face," a complaint will survive a motion to dismiss.  *Twombly*, 127 S. Ct. at 1965, 1974; *Phillips*, 515 F.3d at 234; *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007); *Stevenson v. Caroll*, 495 F.3d 62, 66 (3d Cir. 2007).  This requirement "calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of" necessary elements of the plaintiff's cause of action.  *Twombly*, 127 S. Ct. at 1965.

        "To decide a motion to dismiss, courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record."  *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993) (citations omitted); *see also Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007).  The court may consider "undisputedly authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] document[s]."  *Pension Benefit*, 998 F.2d at 1196.  Additionally, "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered."  *Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002); *see also U.S. Express Lines, Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002) ("Although a district court may not consider matters extraneous to the pleadings, a document integral to or explicitly relied upon in the complaint may be considered without converting the motion to dismiss into one for summary judgment.") (internal quotation omitted).  However, the court may not rely on other

parts of the record in making its decision.  *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994).

**III.        Discussion**

Defendants argue that the court should dismiss "plaintiff's complaint and all the claims contained therein" for several reasons.  First, Defendants suggest that Plaintiff has failed to plead pursuant to 42 U.S.C. § 1983 a Fourth Amendment claim, because Defendants had "probable cause to arrest and detain Plaintiff."  (Doc. 9 at 5.)  In the alternative, they argue that the court should dismiss Plaintiff's Fourth Amendment claim because Defendant Saul has a qualified immunity from suit.  (*Id.* at 6.)  Second, they argue that "because Defendant had probable cause to arrest and detain the Plaintiff the claims against the Defendant Chief William Harvey must be dismissed."  Third, they suggest that Plaintiff's equal protection claims "have no merit" because Defendant Saul had probable cause to search Plaintiff, and, in the alternative, has a qualified immunity from suit.  Last, they argue that the court must dismiss Plaintiff's state law claims pursuant to the immunity provisions set forth in the Pennsylvania Political Subdivision Tort Claims Act, 42 Pa. Cons. Stat. Ann. § 8541 *et seq*.  The court will review each of these arguments.

**A.      Fourth Amendment Claim**

Defendants suggest two bases for dismissing Plaintiff's Fourth Amendment claims brought under 42 U.S.C. § 1983.  First, Defendants argue that Plaintiff has failed to allege a Fourth Amendment violation by Defendants because Defendant Saul had probable cause to arrest and detain Plaintiff.  Second,

Defendants argue that a qualified immunity protects Defendants from Plaintiff's Fourth Amendment claims.  The court rejects both of these arguments.

### 1.   **Defendants' Probable Cause Argument**

Defendants argue that Plaintiff has failed to state a claim that they violated Plaintiff's Fourth Amendment rights by detaining and arresting her at her son's football game because Defendant Saul had probable cause to do so.  To state a claim under 42 U.S.C. § 1983, "a plaintiff must allege both a deprivation of a federally protected right and that this deprivation was committed by one acting under color of state law." *Lake v. Arnold*, 112 F.3d 682, 689 (3d Cir. 1997).   While no dispute exists that Defendants acted under color of state law, Defendants contend that Plaintiff has failed to allege "deprivation of a federally protected right."

The Fourth Amendment creates a "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures . . . ."  U.S. Const. amend. IV.  This right "prohibits a police officer from arresting a citizen except upon probable cause." *Rogers v. Powell*, 120 F.3d 446, 452 (3d Cir. 1997).  Indeed, "an arrest without probable cause is a constitutional violation actionable under § 1983." *Patzig v. O'Neil*, 577 F.2d 841, 848 (3d Cir. 1978).  As a general matter, "probable cause to arrest exists when the facts and circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested." *Estate of Smith v. Marasco*, 318 F.3d 497, 514 (3d Cir. 2003); *Orsatti v. New Jersey State Police*, 71 F.3d 480, 482 (3d Cir. 1995).

Plaintiff alleges that Defendants, while acting as Lebanon City Police Department officers, violated Plaintiff's Fourth Amendment right to be free from

unreasonable seizures by detaining and arresting her.  She specifically states that Defendant Saul detained and questioned her, used verbal assertions of police authority, physically moved her, and ultimately placed her in handcuffs and told her that she was under arrest.  These allegations constitute a short plain statement, which places Defendants on notice regarding the nature of Plaintiff's claim.  Accordingly, Plaintiff has properly alleged under § 1983 a violation of her Fourth Amendment rights.

### 2.   Defendants' Qualified Immunity Argument

Defendants also suggest that qualified immunity protects them from liability under § 1983.  "[G]overnment officials performing discretionary functions generally are granted a qualified immunity and are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Wilson v. Layne*, 526 U.S. 603, 609 (1999).  The immunity attaches when a defendant shows that (1) the plaintiff has failed to demonstrate a "deprivation of an actual constitutional right" or (2) the right at issue was not "clearly established at the time of the alleged violation." *Conn v. Gabbert*, 526 U.S. 286, 290 (1999).  For a right to be clearly established, "[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Saucier v. Katz*, 533 U.S. 194, 202 (2001).  Generally, qualified immunity "will be upheld on a 12(b)(6) motion only when the immunity is established on the face of the complaint." *Leveto v. Lapina*, 258 F.3d 156, 161 (3d Cir. 2001).

Defendants have failed to meet their burden of proving qualified immunity at this early stage in the litigation.  Plaintiff has alleged that Defendant

8

Saul violated her Fourth Amendment right to be free from unreasonable seizures, and nothing on the face of the complaint suggests that this right was not clearly established at the time of the alleged violation.  Moreover, the face of the complaint does not provide sufficient facts to determine the objective reasonableness of Defendant Saul's actions.  Plaintiff alleges that Defendant Saul had no basis for arresting her, and Officer Henderson, based on the allegations in Plaintiff's complaint, seems to have agreed: he uncuffed her and allowed her to leave when he arrived on the scene.  The complaint raises many factual questions regarding qualified immunity, so the court will deny Defendants' request to dismiss Plaintiff's claims on this basis.

### B.      Failure to Train and Supervise

Defendants seek to meet their burden of proof on their motion to dismiss by presenting an argument that consists of the following two sentences:

> Under Count II, because Defendant Saul had probable cause to arrest and detain the Plaintiff the claims against Defendant Chief William Harvey must be dismissed for the same reasons.

> Chief Harvey is further entitled to qualified immunity for all the same reasons listed above and averred on behalf of Officer Saul

(Doc. 9 at 10.) Almost needless to say, these "arguments" are insufficient to satisfy the Defendants' burden of proof.

### C.      Equal Protection Claim

Perhaps unsatisfied and overwhelmed with using two complete—although nearly incomprehensible—sentences to persuade the court that it "must" dismiss the claims against Defendant Harvey, Defendants use only a one

sentence "argument" to explain to the court why Plaintiff's Equal Protection claims

"must be dismissed with prejudice."  Defendants argue:

> Under Count III, Equal Protection, Plaintiff's claims have
> no merit and because the Defendant had probable cause to
> arrest the Plaintiff, and furthermore because the Defendant
> was entitled to qualified immunity, again for all of the
> reasons outlined and described above, Plaintiff's claims
> under Count II must be dismissed with prejudice.

While the court must credit Defendants for drafting a run-on sentence that rivals in

length, if not in style, the hauntingly eloquent dangling prose of Nobel Laureate José

Saramago, the court nonetheless finds that Defendants have not only failed to satisfy

their burden but also have failed to identify the appropriate area of law in seeking to

persuade the court to dismiss this claim.

### D.    State Common-Law Tort Claims

Plaintiff alleges state common-law tort claims against Defendant Saul in

his individual capacity for assault, battery, and false imprisonment.  Defendants

argue that under the Political Subdivision Tort Claims Act (the "PSTCA"), 42 Pa.

Cons. Stat. Ann. § 8541 *et seq*, Defendant Saul is entitled to immunity.  Although the

PSTCA provides immunity from suit for local officials under certain circumstances,

*see* 42 Pa. Cons. Stat. Ann. § 8545, it does not provide immunity for the acts of

individual local officials who engage in "willful misconduct."  *See* 42 Pa. Cons. Stat.

Ann. § 8550.  Under Pennsylvania law, "willful misconduct is synonymous with

'intentional tort.' " *Renk v. City of Pittsburgh*, 641 A.2d 289, 291 (Pa. 1994).

Assault, battery, and false imprisonment are intentional torts.  *See id.* at 292–294.

Plaintiff has alleged that Defendant Saul committed assault, battery, and

false imprisonment against her.  Under Pennsylvania law, "Assault is an intentional

attempt by force to do an injury to the person of another, and a battery is committed

whenever the violence menaced in an assault is actually done, though in ever so small a degree, upon the person." *Cohen v. Lit Bros.*, 70 A.2d 419, 421 (Pa. Super. Ct. 1950) *quoted in Renk*, 641 A.2d at 293. "The elements of false imprisonment are (1) the detention of another person, and (2) the unlawfulness of such detention." *Renk*, 641 A.2d at 293. As the Pennsylvania Supreme Court has explained, "A police officer may be held liable for assault and battery when a jury determines that force used in making an arrest is unnecessary and excessive, and for false imprisonment when a jury concludes that he did not have probable cause to make an arrest." *Id.*

Plaintiff has alleged that Defendant Saul unnecessarily and excessively grabbed her, threatened her husband with pepper spray, handcuffed her, and repeatedly shouted that he "didn't give a shit about her kids" as he held her captive in front of gawking spectators at her eight-year old child's football game. She alleges that Defendant Saul had no basis for any of these actions and no probable cause to arrest her. She further alleges that another officer who arrived at the scene after these events uncuffed her and allowed her to leave. The PSTCA does not provide an immunity to liability for this sort of conduct, and Plaintiff has otherwise placed Defendants on notice regarding the nature of the common-law tort claims. Therefore, the court will not dismiss these claims.

**IV.        Conclusion**

For the reasons set forth above, the court will deny Defendants' motion to dismiss Plaintiff's complaint.  An appropriate order will follow.

                           s/Sylvia H. Rambo
                           SYLVIA H. RAMBO
                           United States District Judge

Dated:  December 16, 2008.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CAROLINE ORTIZ,** | : | **Civil No. 1:08-CV-1436** |
| **Plaintiff,** | : | |
| | : | **JUDGE SYLVIA H. RAMBO** |
| **v.** | : | |
| | : | |
| **OFFICER ADAM SAUL, in his** | : | |
| **individual capacity, and CHIEF** | : | |
| **WILLIAM HARVEY, in his** | : | |
| **individual capacity as the Lebanon** | : | |
| **City Police Department Chief of** | : | |
| **Police,** | : | |
| | : | |
| **Defendants.** | : | |

## **O R D E R**

In accordance with the foregoing discussion, **IT IS HEREBY**

**ORDERED THAT** Defendants' motion to dismiss (Doc. 5) is **DENIED**.

s/Sylvia H. Rambo
SYLVIA H. RAMBO
United States District Judge

Dated:  December 16, 2008.